Borough of Glassport *v.* Walter Case and Emma Jane Case.

Borough of Glassport *v.* Joseph Siduela et al. Walter Case and Emma Jane Case, Joseph Siduela and Helen Siduela, Ronald Richards, Richard Miller and Alice Miller, Richard L. Miller and Alice Miller, Michael Baran and Marie Baran, George Pattakos and Kathleen Pattakos, Gerald D. Praza and Eudora Praza, Walter Case and Emma Jane Case, Eliza Jane Powley, George J. Uhren, William M. Campea and Margaret Campea, Appellants.

Argued December 6, 1979, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Mord C. Taylor, Jr.,* of *Nescott and Taylor,* for appellants.

*Arthur J. Murphy, Jr.,* of *Meyer, Darragh, Buckler, Bebenek & Eck,* with him *Stephen C. Frobouck,* of *Jacobs, Frobouck & Stabile,* for appellee.

PER CURIAM, January 22, 1980:

After a careful review of the record and consideration of the briefs and argument of Counsel, we will affirm the order of the Allegheny County Court of Common Pleas, Civil Division, entered to No. 2547 January Term, 1974, No. GD75-2109, Sur Municipal Claim and to No. GD76-5069 on January 25, 1979, on the opinion of Judge (now Justice of the Supreme Court of Pennsylvania) FLAHERTY, as follows:

"Before the Court are two cases consolidated for trial, the first based on a writ of sci. fa. and an affidavit of defense, and the second on an assumpsit action. The individuals in this case are residents along Second Street. In 1969 the Borough Council of Glassport decided to grade and pave the street and allegedly to apply to the Pennsylvania Department of Revenue for permission to use liquid fuel funds to pay for the job. No ordinance authorizing the action was passed at that time.

In September, 1973 the Borough Council passed an ordinance assessing the residents of Second Street for the paving work. On the same date, the borough engineers certified the job completed. The defendant individuals assessed objected to this assessment and alleged that it was illegally done since it was more than six months after the job was actually completed.

After a non-jury trial, a verdict for the borough was returned. Defendants took exception to this verdict, which exceptions are now before the Court. Most of the exceptions are questions of creditibility [sic] and evidence.

Essentially, the legal issue of the case was whether the borough could ratify the action of paving the street by passing an ordinance after the fact. That this was proper was established by *Bellevue Borough v. Gibson,* 43 Pa. S. 561 (1910). In a situation that was factually similar, the Superior Court held that ratification of street work by an ordinance duly passed, approved and signed and published ought not to be questioned, especially where the original matter was clearly within the power of the borough (53 P.S. §46761).

In light of the *Bellevue* case, plaintiff's allegations of evidentiary errors are irrelevant since the act of ratifying the decision to pave Second Street was the key fact.

An Order will be entered accordingly."

This decision was reached prior to the expiration of the term of office of Judge DiSalle.

PER CURIAM ORDER

AND Now, January 22, 1980, the order of the Allegheny County Court of Common Pleas, Civil Division, entered to No. 2547 January Term, 1974, No. GD75-2109, Sur Municipal Claim and to No. GD76-5069 on January 25, 1979 is affirmed.